UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No. 2:26-mj-00129 |
| | ) | |
| SHOHREH GHASEMI, | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL MOTION FOR DETENTION**

The United States of America hereby supplements its Motion for Detention for the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

Since filing its Motion for Detention for defendant Ghasemi, the government has learned new information about Ms. Ghasemi's background that calls into question her truthfulness in her statements to law enforcement and the U.S. Probation Office as reflected in the Pretrial Services Report. Lack of truthfulness to government authorities, particularly with Probation, suggests an inability to be supervised and a concomitant increased risk of flight.

That information includes the following:

1. During her encounter with Customs & Border Patrol that led to her recent Expedited Removal order, Ms. Ghasemi admitted under oath that the date of birth on her passport (September 17, 1983—the same date of birth she appears to have provided to Probation) was not her real date of birth, and that her true date of birth is January 16, 1984. All of her identification documents and visas were issued under the false date of birth. This falsification led to her removal on this occasion.

2. The person identified in the Pretrial Services Report as the defendant's colleague, Ario Khoshbin, who purportedly verified Ms. Ghasemi's statements to Probation, shares the same first name and last-name first initial with a person believed to be a family member or close family friend of Ms. Ghasemi's in Toronto, who appears to have had a role in guiding Ms. Ghasemi's border crossing on June 26, 2026. Law enforcement observed in Ms. Ghasemi's phone, which she provided consent to search, text messages between Ms. Ghasemi and an "Ario" labeled as "AK" from the evening of June 26, 2026. In those messages, Ms. Ghasemi reports to Ario/AK, "Yes

and someone will pick us up."  In response, Ario/AK sends a map of the border near the Derby Line Port of Entry (POE), with an apparent hand-drawn black line routing a path around the POE, and says, "Stay with the trees."  Ms. Ghasemi responds, "Yes," with a thumbs up emoji.  Ario/AK then says, "If you stay in the tree line it's the safest."  (**Exhibit 1**)

3. Law enforcement has obtained documentation suggesting that Ms. Ghasemi engaged in the practice of dentistry without a license in the State of Georgia in or about 2023 and that she falsified credentials and associations with academic institutions.  That documentation is attached as exhibits to this filing and includes the following:

   a. A July 14, 2023, Voluntary Cease and Desist Order in the matter of Shohreh Ghasemi before the Georgia State Board of Dentistry, signed by Ms. Ghasemi. This Order states that Ms. Ghasemi did not possess a license to practice as a dentist in Georgia and was consenting to stop taking actions that would require a dentistry license.  (**Exhibit 2**)

   b. An August 16, 2023, letter from a physician's assistant (PA) who had practiced in Georgia for 23 years and who worked with Ms. Ghasemi, to Special Agent Jessica Owen of the U.S. Food & Drug Administration – Office of Criminal Investigations (FDA-OCI).  In the letter, the PA reported that she had observed Ms. Ghasemi treat patients at an adult medicine clinic in Alpharetta, Georgia, without a dental or medical license from January 2021 to February 2023.  The PA recounted observing Ms. Ghasemi perform "an extensive facial procedure" in February 2023, in which Ms. Ghasemi appeared "grossly unfamiliar with standards of medical care" in the United States, leading the PA to conclude that Ms. Ghasemi's medical care was a "danger to the public."  The PA then discovered that Ms. Ghasemi was not licensed to practice medicine or dentistry in Georgia, reported her to the relevant state boards, and Ms. Ghasemi was barred from seeing patients in that practice. The PA continued to treat the February 2023 patient and stated that the patient was "still dealing with her complications" from the procedure "to this day." The PA further stated that the "care . . . performed by Ms. Ghasemi is considered civil battery according to Georgia law."  The letter goes on to suggest that Ms. Ghasemi uses association with universities and professional organizations to demonstrate credibility.  (**Exhibit 3**)

   c. A March 2023 email thread in which the same PA provided this information to Augusta University, and another employee of the PA's clinic forwarded additional information to SA Owen of FDA-OCI about the procedure, noting she had terminated Ms. Ghasemi from the clinic following the procedure. This email thread describes the procedure as a face lift, a surgical procedure, instead of the minimally invasive, non-surgical "thread lift" it was supposed to be.  (**Exhibit 4**)

d. A July 2023 email thread in which the Georgia Board of Dentistry Chief Investigator provided to SA Owen documentation of Ms. Ghasemi's adjunct faculty appointment to Augusta University in August 2020, the termination of that appointment in March 2023, and a letter dated February 16, 2023, on Augusta University letterhead purporting to be from Professor and Associate Dean for Research of The Dental College of Georgia at Augusta University Dr. Babak Baban and purporting to confirm Ms. Ghasemi's association with the University. The email thread includes an email from Dr. Baban stating that the "letter attached regarding Ms. Shohreh Ghasemi . . . was **NOT** either written or signed by me, the letter and my signature are full "Fabricated" and "Falsified." He further states, "I have never written such a letter or even discussed such topic with Ms. Ghasemi. . . . Her adjunct position with Dental College of Georgia was granted purely based on the premises [*sic*] that she will be engaged with a specific research project to be sent to NASA . . . . None of those goals was met." (**Exhibit 5**)

e. A July 2023 letter from the Program Director of the Georgia School of Orthodontics to SA Owen "confirm[ing] that Dr. Shohreh Ghasemi has never been a faculty member at the Georgia School of Orthodontics" and clarifying that her only association with the school was delivering a two hour lecture in January 2022. This set of documents also includes an April 2023 email from the same Program Director to SA Owen stating than a lecturer agreement SA Owen had sent to him "was not signed by me," and that he had reviewed a copy of the actual agreement for Ms. Ghasemi's lecture; he notes that "[i]f you compare this with what you sent me, you can clearly see the alteration in the document and that I did not sign it." (**Exhibit 6**)

f. An April 2023 email thread that the Program Director of the Georgia School of Orthodontics forwarded to SA Owen, containing communications with the Coordinator in the Oral & Maxillofacial Department of the Hospital Clinic de Barcelona, where Ms. Ghasemi appears to have claimed she obtained a master's degree in oral surgery; the communications state that Ms. Ghasemi completed only one of three years of the program. This set of documents also includes, on the final page, an email from the Managing Director of the Georgia School of Orthodontics to Ms. Ghasemi, instructing her to remove false claims about her association with the school from her websites and online profiles. (**Exhibit 7**)

4. In August 2023, Ms. Ghasemi appears to have retained a law firm to fight the claims about her unlicensed practice of dentistry. That retention appears to have followed, however, the July 14, 2023, Voluntary Cease and Desist Order she signed.

The above information obtained since Ms. Ghasemi's initial appearance demonstrates falsification of her identifying information on official identification documents and calls into question statements she made to Border Patrol and Probation regarding her medical credentials, as well as her description of Ario Khoshbin as a person she knew only professionally. It also suggests years-long fraudulent misrepresentations by Ms. Ghasemi as to her credentials and associations.

The government does not believe Ms. Ghasemi has been truthful with law enforcement or Probation. As the Court is aware, making false statements to federal authorities is chargeable as an offense under 18 U.S.C. § 1001, and use of a falsified passport is chargeable under 18 U.S.C. § 1543. The government is not pursuing such charges at this time but may continue to investigate grounds for bringing such charges in the future. At the very least, lack of candor with Probation suggests the defendant would be unlikely to comply with conditions or be supervisable by Probation. Further, the depth and breadth of the deception indicated by the above information suggests a deep-seated disregard for authority that the government believes exacerbates the risk of flight she would pose if released.

Dated at Burlington, in the District of Vermont, July 2, 2026.

Respectfully submitted,

JONATHAN A. OPHARDT
First Assistant United States Attorney

/s/ *Corinne M. Smith*
CORINNE M. SMITH
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725

4